
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN BERMAN; et al., | No.  19-17339 |
| Plaintiffs-Appellees, | D.C. No. 4:17-cv-01864-HSG |
| v. | |
| MICROCHIP TECHNOLOGY INCORPORATED, A Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted December 9, 2020
San Francisco, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[**] District Judge.

Microchip Technology, Inc., Atmel Corporation, and Atmel's U.S.

Severance Guarantee Benefit Program (Atmel Plan) appeal from the district court's

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

judgment for Plaintiffs-Appellees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

The district court erred in granting plaintiffs' motion for summary judgment on their claim for severance benefits under 29 U.S.C. § 1132(a)(1)(B), because the relevant language in the Atmel Plan is ambiguous. Specifically, the phrase "that will result" is ambiguous because it does not "exclud[e] all alternative readings as unreasonable," *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1110 (9th Cir. 2000), and the ambiguity is not eliminated by reading the phrase in the context of the plan as a whole. As the district court stated in its order resolving the defendants' motion to dismiss, "reasonable parties could disagree as to whether the [Atmel] Plan required the Initial Triggering Event and the Change of Control to involve the same merger partner." Because the language of the Atmel Plan is ambiguous, the district court abused its discretion in denying defendants' motion for discovery under Rule 56(d) of the Federal Rules of Civil Procedure. *See Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883–84 (9th Cir. 2018).

The district court did not err in denying defendants' motion to dismiss plaintiffs' claim for equitable estoppel under 29 U.S.C. § 1132(a)(3), because plaintiffs sufficiently pleaded that they detrimentally relied on an oral, material misrepresentation interpreting the Atmel Plan. *See Spink v. Lockheed Corp.*, 125

F.3d 1257, 1262 (9th Cir. 1997). The district court erred in denying the defendants' motion to dismiss (1) the claim for removal of the Plan Administrator under 29 U.S.C. § 1110 because plaintiffs concede this point, and (2) the claim for injunctive relief because plaintiffs failed to plead "irreparable injury," *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 827 (9th Cir. 2017).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**